**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DHL EXPRESS (USA), INC.,
                              Plaintiff,

     v.                                                       No. 07-CV-28
                                                              (DRH)

BETTERBODZ DISTRIBUTION LLC, doing
business as Better Bodies,
                              Defendant.

---

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

Presently pending is the motion for summary judgment of plaintiff DHL Express (USA), Inc. ('DHL") pursuant to Fed. R. Civ. P. 56. Docket No. 10. Defendant Betterbodz Distribution LLC ("Betterbodz") opposes the motion. Docket No. 11. For the reasons which follow, DHL's motion is granted.

### I. Background

DHL is an Ohio corporation which transports commodities in interstate commerce for its customers. Compl. (Docket No. 1) at ¶ 4. Betterbodz is a New York limited liability corporation. Betterbodz contracted with DHL to ship goods to customers of Betterbodz and, between approximately June 22, 2005 and June 26, 2006, DHL shipped various commodities for Betterbodz to designated recipients. Martin Aff. (Docket No. 10, Pt. 2) at ¶¶ 2-4 & Ex. C. Betterbodz was billed for these services but failed to pay the bills in full. Id. at ¶ 4. DHL then commenced this action seeking judgment for the unpaid amount of $97,047.21 plus interest from June 26, 2006. Id. at 2.

## II. Discussion

### A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

### B. DHL's Claims

In support of its motion, DHL has submitted the Statements of Account for Betterbodz demonstrating the debt claimed to be owed. See Martin Aff. at Ex. C. Those

records comprise 119 pages and list invoice numbers, dates, and amounts charged for over 1,000 separate transactions.  Id.  In response, Betterbodz has submitted on a single page affidavit from its general manager, Joyce Kania, asserting (a) a general denial, (b) not all charges are "properly attributed," and (c) conceding that Betterbodz owes DHL "no more than $32,827.62."  Kania Aff. (Docket No. 11) at ¶¶3-5.

The question presented by Betterbodz's response is whether such a general denial suffices to raise questions of fact which will defeat DHL's motion.  It is not.  Under Rule 56, a party opposing a motion for summary judgment "must point to an evidentiary conflict created on the record, at least by a counter-statement of a fact set forth in detail in an affidavit by a knowledgeable affiant. Mere denials or conclusory statements are insufficient. TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1372 (Fed. Ci8r. 2002) (citations omitted) (emphasis added); Revlon Consumer Prods. Corp. v. Estee Lauder, No. 00 Civ. 5960 RMB AJP, 2003 WL 21751833, at *30-31 (S.D.N.Y. July 20, 2003).  Here, Betterbodz has asserted no specific fact to contradict any single charge claimed by DHL.  Its general denial of those claims and its assertion that the claims are partially in error without offering any evidence to rebut even a single claim fails to raise any question of fact as to any portion of DHL's motion.  Accordingly, that motion must be granted in its entirety.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that DHL's motion for summary judgment (Docket No. 10) is **GRANTED** in its entirety and judgment shall be entered for DHL against Betterbodz in the amount of $97,047.21 plus interest from June 26, 2006.

**IT IS SO ORDERED.**

DATED: March 11, 2008
         Albany, New York

_David R. Homer_
United States Magistrate Judge